**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOSE CRUZ, | : | Civil Action No. 04-4801 (RBK) |
| Petitioner, | : | |
| v. | : | **O P I N I O N** |
| JOHN NASH, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

> JOSE CRUZ
> 6554 Rudderow Avenue
> Pennsauken, New Jersey  08109
> Petitioner Pro Se

> PAUL A. BLAINE, Assistant United States Attorney
> CHRISTOPHER J. CHRISTIE,  United States Attorney
> 401 Market Street, Fourth Floor
> P.O. Box 2098
> Camden, New Jersey  08101-2098
> Attorneys for Respondents

**KUGLER, District Judge**

Jose Cruz filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his confinement.  Respondents filed an Answer, accompanied by certified documents, seeking dismissal of the Petition on the merits.  By letter dated January 25, 2006, the United States Attorney's Office notified the Court that the United States Parole Commission released Petitioner on re-parole on January 23, 2006.  This Court has considered the matter and dismisses the Petition as moot.

# I.  BACKGROUND

Petitioner challenges the Parole Commission's failure to re-parole him on July 23, 2004, in accordance with an Expedited Revocation decision issued on March 9, 2004.  Petitioner is a military offender who is serving a 99-year term for murder of a child.  See United States v. Cruz, 17 M.J. 534, aff'd 22 N.J. 9, cert. denied, 479 U.S. 845 (1986).  He was paroled on April 12, 1994, but returned to custody in 1996 for violating parole.  He was re-paroled on September 17, 1999, with a full term date of October 9, 2081.  On January 23, 2004, the Commission arrested Petitioner for parole violation.  After Petitioner admitted to the charges of reckless driving and driving while intoxicated, the Commission offered Petitioner an expedited revocation proposal, which he accepted on March 3, 2004.  Under the Expedited Revocation proposal, Petitioner's parole would be revoked, the time spent on parole would not be credited, and Petitioner would be re-paroled on July 23, 2004.

On May 17, 2004, pursuant to 28 C.F.R. § 2.28(f), the Parole Commission reopened the matter, scheduled a special reconsideration hearing, and retarded release on parole pending the outcome of the reconsideration hearing.[1]  After conducting a hearing, on November 16, 2004, the Commission rescinded the parole grant effective July 23, 2004, and issued a re-parole date of January 22, 2006, after service of 24 months.[2]  In accordance with this decision, the Commission re-paroled Petitioner on January 22, 2006.

---

[1] On May 13, 2004, a Parole Commission attorney recommended reopening Petitioner's case after she reviewed the case in connection with a Freedom of Information Act request because the Expedited Revocation failed to address a pending criminal charge of criminal sexual contact with a minor.  (Certification of Sharon Gervasoni, Ex. 1.)

[2] The November 16, 2004, decision was appealable to the National Appeals Board.  See 28 C.F.R. § 2.26.

2

## II.  DISCUSSION

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).  The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed."  Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng v. Cook, 490 U.S. 488, 490-91 (1989)).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."  Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001).  A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence."  Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because the Petition challenges the duration of his confinement and Petitioner was in custody when he filed the Petition.  See Spencer v. Kemna, 523 U.S. 1 (1998).  The question here is whether Petitioner's release on re-parole on January 22, 2006, caused the Petition to become

moot because it no longer presents a "case or controversy" under Article III, § 2, of the United States Constitution.  See Spencer, 523 U.S. at 7; DeFunis v. Odegaard, 416 U.S. 312, 316 (1974); Chong v. Dist. Dir., INS, 264 F.3d 378, 383 (3d Cir. 2001).

The exercise of judicial power depends upon the existence of a case or controversy because Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties.  U.S. CONST. art. III, § 2.  "This "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have 'a personal stake in the outcome' of the lawsuit."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990).  "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  Spencer, 523 U.S. at 7 (citation and internal quotation marks omitted).

In Spencer v. Kemna, supra, the Supreme Court considered whether a habeas petition challenging the revocation of the petitioner's parole became moot when the petitioner's sentence expired.  The Court explained that, because the reincarceration that the petitioner incurred as a result of the allegedly wrongful termination of his parole was over and the petitioner had not proved the existence of "collateral consequences" of the parole revocation, the petition was moot. See also  Preiser v. Newkirk, 422 U.S. 395, 402 (1975) (prisoner's complaint for declaratory and injunctive relief challenging his transfer from medium to maximum security prison without explanation or hearing became moot after he had been transferred back to minimum security prison and a notation had been placed in his file stating that the transfer should have no bearing

4

in any future determinations, insofar as there is now "no reasonable expectation that the wrong will be repeated").

In this case, Petitioner challenges the Commission's decision on May 17, 2004, reopening the matter, retarding parole effective date of July 23, 2004, and issuing a new presumptive re-parole date of January 22, 2006.  It is undisputed that the Commission released Petitioner on parole on January 22, 2006.  When the government released Petitioner from custody, the Petition became moot because Petitioner was no longer threatened with "an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision."  Spencer, 523 U.S. at 7; see also United States v. Johnson, 529 U.S. 53 (2000) (statute addressing supervised release does not permit court to reduce period of supervised release even where BOP miscalculated term of imprisonment).  Accordingly, the Court dismisses the Petition as moot.

### III.  CONCLUSION

For the reasons set forth above, the Court dismisses the Petition as moot.


                                        s/Robert B. Kugler
                                        ROBERT B. KUGLER, U.S.D.J.


Dated:    February 23    , 2006

5